May it please the court. Mr. Urnbaugh. Your Honors, someone told me that when you don't have a law in your favor that you argue the facts. I stand before you today and hopefully will convince you to remand this case to the Illinois Workers' Compensation Commission based upon a sentence contained in the Johnny Banks case. The arbitrator shall apply standards of fairness and equity in ruling on the petition to reinstate. Was this a case that we suggested that we talk about jurisdiction? Yes, Your Honor. Are we going to? I certainly will, Your Honor, but I'll depart from my... I was going to say, isn't that really the critical threshold question? If we don't have jurisdiction, we can't apply any rules. Here's the issue. Case gets dismissed in March. Petition to reinstate is filed, gets dismissed in February. Case gets a petition from this attorney, A, let's refer to him, in March. Timely filing. Within the 60 days, the case is motioned up or set for hearing on April 9th. So far, so good. So far, compliance, substantial compliance with the rules at the Illinois Workers' Compensation Commission. Now comes the deviation, to borrow a phrase from an earlier case. Lawyer doesn't show up. Claimant doesn't show up. What happened that day? Well, counsel says in her brief that it got dismissed. I find nothing in the record. I find no documentation to support that Val Piler did anything on that day. Isn't there a form order that's actually marked withdrawn? It's marked on the spot for withdrawn. And the interesting twist in this record to me is that the two parties, Lawyer A and the Respondent's attorney, engaged in ongoing negotiations culminating in the presentment of settlement contracts, sometime in May or June, but prior to July when Ruida raced to the courthouse to file this fee petition. Let me just say, I think the jurisdiction issue is jurisdiction in the circuit court. Right. Well. It's not our jurisdiction. It's the circuit court's jurisdiction. Well, the circuit court jurisdiction is. And it was argued and briefed in the circuit court. The writ would have been timely filed by the timeline from the ruling of the Illinois Workers' Compensation Commission affirming Arbitrator Piler's denial of the petition to reinstate. I'm unaware that there was a flaw or an objection raised either by the court or by counsel to the jurisdiction of the circuit court. But that wouldn't matter. We have an independent basis to look for jurisdiction. Absolutely, Your Honor. And that's why when I stated at the beginning, I'm here somewhat unclothed, the question is really one of equity. We just went through a contritem about unjust enrichment. This is the adverse of that point, isn't it? Well, I guess what I'm struggling with, and I think you're doing a good job of marshaling your arguments, but equity doesn't really have anything to do with our jurisdiction, does it, to be very frank about it? No. No, the conference of jurisdiction cannot happen. So where is the proof that the claimant timely filed proof of payment of the cost of the record to invest the circuit court with jurisdiction? That's what we're struggling with. Well, but once the circuit court assumes its role as the initial step in the appellate process. That waives any? It is my argument that the court assumed that there had been substantial compliance. There's nothing contrary to that. Well, can you waive jurisdiction? Can a court waive a lack of jurisdiction? I think the court has the power to diminish the necessary steps that could grant jurisdiction if all other things are satisfied. You're familiar with the Esquivel case, which is a recent ruling by this court? Yes, Your Honor. We found there was no jurisdiction. Yes, Your Honor. How do you get around Esquivel? When one pleads jurisdiction, as this court and other courts in this state have said, including U.S. Supreme Court, there are multiple instances where the extension or the elasticity of the requirements to confer jurisdiction on the court has been granted. I have no immediate citations to speak to that, but I think you have heard sufficient numbers of arguments over the years and can, based upon judicial notice, know that that's true. All right. So you're being candidly appreciated. You're sort of suggesting subtly that this should be a case-by-case. This, yes. Because if we follow the strict dictates of Esquivel, which I think allegedly could be even considered less egregious than here, we would lose. Yes. Correct? Exactly. You're absolutely right. All right. But again, let's go back to the purpose why we're here, why each of us is present. This claimant has a legitimate injury, a significant enough one where they negotiated a settlement, and everything was hunky-dory. Because quite candidly, Your Honor, if this settlement had been consummated, that dismissal for wanted prosecution would have been dealt with. Are you talking about a malpractice case? Be careful. You're on the record. There's a recording of this, Your Honor. And I don't have sufficient grounding in legal malpractice law to respond, Your Honor, and I beg forbearance and leave to not answer that. Very good thematic answer. It was a good answer. It was a good answer. I like it. Thank you. But she rejected the settlement. She rejected the settlement. We don't know why. Her first lawyer never got her case reinstated. Nope. Her second lawyer didn't get reinstated and maybe didn't get jurisdiction on appeal in the circuit court. Correct. And here you are today. Yes, Your Honor. And what I'm saying to this— I don't have it in the record here. Yes, Your Honor. Did you enter your appearance in this case? Yes, Your Honor. Yesterday. I signed the order. I signed the order yesterday. Thank you. We don't need any more complications in this case, do we? Well, I mean, I'm here because my colleague is ill. But, again, all I'm suggesting to you is this. I'm suggesting and I guess pleading that we look at the kernel of the issue in this case. And the kernel of the issue is a human being suffers a significant injury. And for reasons beyond her control, we're here today faced with a dismissed case. And if Val Piler had said in her order, and the commission had affirmed, this petition is denied because it's not timely, April 9th came and went, and it was dismissed on that date. Well, she did say that, didn't she? No, she said there was prejudice. Well, but she characterized it. She said on April 9th they didn't show up, and I dismissed it. I mean, like I say, it may be marked withdrawn, but in her ultimate order that she entered, she said that's what she characterized as what she did. You're correct. But the order doesn't say dismissed. It says withdrawn, which seems to be involuntary. Again, I know I'm on very thin ice. I guess I'm asking you to humanize the statute simple in summary, a way to deliver benefits. What would be the prejudice to the respondent here? What would be the downside now when at least at the minimum you are aware that there was a significant offer made, 45%? That's all I'm asking. Thank you for listening. I appreciate it. Counsel, please. All right. So why shouldn't we throw him a lifeline? From a jurisdiction standpoint, there's two. I'm sorry. I'm sorry, Your Honor. May it please the Court, Mr. Alexei. Amy Turnbull on behalf of the defendant, foil packing. To answer your question, there are two specific things that are missing from the record that were statutory requirements pursuant to Section 19F that the plaintiff failed to file. One of those was the written request for the summons. And the second one was proof or exhibition of payment of the cost of the preparation of the record timely. That just sort of passively is acknowledged, yes. Actually, the request for summons is in the record. It only has the no fee drop box stamp on it. What is in the record are two documents. One of them is the summons itself with the originally no case number added to it, file stamped October 16, 2007, and alleges a certificate of mailing on October 12, 2007. The second document that was filed timely, so to speak, was a certificate of mailing but didn't have a case number attached to it as well. I'm sorry to correct you. But I know that's what both sides were arguing in the circuit court. And I don't know where the request for summons was when those arguments were all going on in the circuit court. But there is in the record a request for summons, for issuance of summons. It only has the no fee drop box October 16, B, file mark on it. But it's there. Okay. Having said that, what is still also missing in a timely fashion was exhibition of proof of the payment of the preparation of cost of the record. Obviously, this Court has addressed that issue on numerous occasions. That is a specific statutory requirement. In lieu of the receipt, if you do not have it at that time, the plaintiff or the attorney can file an affidavit stating when it was mailed, they just don't have the receipt back, copy of the check, et cetera, which would satisfy that requirement. That's not here. There's no affidavit by the plaintiff or the attorney acknowledging that document being exhibited timely to a clerk of the court. The actual receipt itself could not have been filed timely because it's clearly dated October 19, 2007, and it's not exhibited to the clerk of the court until December 21, 2007, at which point all of the fees were paid and the case was then actually given a case number and the summons was issued. Counsel, if everything you're saying is true, then it's possible the court, the circuit court, would have lacked jurisdiction, correct? Correct. Can a court legally waive a lack of jurisdiction? I do not know. This is especially in workers' compensation. There are courts who generally assume jurisdiction, subject matter jurisdiction. Workers' compensation was created, obviously, by statute, and Allerton specifically states that subject matter jurisdiction, in order for the circuit court to have subject matter jurisdiction, you have to comply with the statutory requirements in 19F. And one of the main statutory requirements, which is exhibiting proof of payment of the record, is absent until December 21, 2007, which is 65 days after the time for filing the appeal to the circuit court lapsed. Why wasn't the issue of jurisdiction raised? Yes, it was in the circuit court. Why wasn't it raised here? Honestly, it was, as I was the attorney who's handled this this entire time, I wanted to get to the crux of it and just get it over with, for lack of a better explanation. You might have got it over with quicker if you could have convinced the circuit court to have no jurisdiction. You're absolutely correct. In terms of the underlying facts of the case and the timeline of what occurred, not to reiterate everything that has been said, but to respond to counsel's argument that there's a significant prejudice to the petitioner in this matter, I put forth that there's a specific and severe prejudice at this point to the respondent in this matter as evidenced by the fact that the petitioner rejected any type of settlement that the respondent had put forth and in the first attorney's petition for fees, alleged that he was trying to substantiate and lay out the foundation for a wage differential. The respondent no longer exists. During the time frame that this case has gone on and on and on, the respondent went out of business, and part of defending a wage differential case is to have someone from the respondent, the supervisor, payroll, et cetera, to come in and substantiate what the petitioner's wages were, whether there was a job, when the job ended, why it ended, things of that nature, and there is no one to come in for that issue if this matter is remanded back to the commission on the merits. Well, aside from that issue, I mean, really, if you're getting into the merits, the crux of the issue, is it not, is whether or not the commission abused its discretion in affirming the arbitrator. Absolutely. Tell us very succinctly and briefly why they did not abuse their discretion. The commission did not abuse its discretion because the original file petition to reinstate was timely. It was presented and provided a hearing date for the petition to reinstate. No one from the petitioner or the petitioner's attorney appeared. And as Arbitrary Repiler stated in her order, it was dismissed. Nothing occurs substantially to attempt to get this case reinstated within the 30 days which expired in May. The very next attempt by anyone to get the case reinstated is not until March of 2004, which is, I believe, 13 or 14 months after the case was dismissed originally, and that was simply a notice of motion form with a box-marked reinstatement of case with no petition attached to it, and it was never presented at a status call to even attain a date. It is not until August of 2004, which is 18 or 19, I believe 18 months after the case was originally dismissed, that the actual petition to return the case to the trial call with a notice of motion and presenting before an arbitrator at a status call and obtaining a hearing date was presented. That's well beyond the 60 days at which point the commission loses jurisdiction over a petition to reinstate. So for the commission to have abused its discretion, it's just not there. They made the decision to state that we lost jurisdiction of this case at the end of May when that 60-day period ran. So we would have to find that the commission's decision was unreasonable and arbitrary or that no reasonable person would have adapted the position taken by the commission, correct? Correct. Okay. Anything else? Unless Your Honors have any additional questions. Thank you, Counsel. Thank you, Counsel. The court will take the matter under advisement.